The panel would like you to focus your argument, at least initially, on the duress issue, if you don't mind. No, that's fine, Your Honor. That's what I was prepared to do. Mr. Sumner. Speak right up. Okay. Yes, the issue in this case was whether the district court erred by instructing the jury that the defendant bore the burden of proof as to his defense of duress by preponderance of the evidence. I submit that the court did err in that regard because, given the unique facts of this case, where the defendant did not admit, by virtue of his duress defense, did not admit to any knowing or any knowing possession or importation of the drugs, that that resulted in the government not having to prove that element, which is required under a due process analysis. Ms. Donovan, did you represent Mr. Sumner at the trial? No, I did not. How do you explain the request, then, to give this instruction that you now say the court erred in giving? Your Honor, you know, I have this record. I have to make an argument. I think that it was certainly possible that defense counsel at that point, when reading the instructions for the pattern jury instructions, 6.5 says or I have it right here. If you could bear with me one second. I've got it here somewhere. 6.5 you're looking for? Yes, it says in the jury instructions, it says that 6.5 is only to be raised when the offense has charged the mens rea element and duress is raised to rebut this. It says where the defendant alleges by virtue of duress, coercion or compulsion the defendant knowingly or intentionally committed the act, use the instruction 6.6. So what I'm saying is, and I guess defense counsel at trial did not see it the same way as me, is that he did not admit in his defense when he testified that he knew that he was importing drugs. His defense at trial and why this case is distinguishable from a lot of the other cases this Court has addressed with regard to the duress defense is that his defense was that he thought he was committing another crime. He thought he was smuggling aliens and that so that he in his defense never admitted to an element so that by asking the Court to give the instruction that it did, the burden was shifted to the government. And I know that the Court in its analysis of these types of cases has focused on whether it's a general intent crime or a specific intent crime and whether, which also implies or requires an analysis as to whether the defense duress is just a legal justification or whether the defense, the duress defense negates the defendant from forming the criminal intent. And I think that, I know this Court recently in the Verduzzo case in 2004 addressed this issue and also a drug importation case, but that which is a general intent crime, but in that case the Court's analysis was caught up with the 404B issue and so I think the facts of that case are not the same as Mr. Sumner's case. Also, as to the other cases, drug cases that this Court has discussed this issue, there have been, back in Dominguez in 1991, the Court left open the possibility that the burden shifting to the defendant might not be appropriate where it's a specific intent crime. Now, I know that there is another case this Court just recently decided, the Hernandez case, which was a 19, I mean a 1324 alien smuggling case, and that was a specific intent crime as well. And the Court also struggled with this shifting burdens where the defendant was charged with smuggling aliens and the Court discussed the issue of intent and said that the defendant there, even though he was saying that he was coerced by, I believe it was a gun situation similar to the facts of Mr. Sumner, that that did not negate his intent because he intended to drive the truck with the aliens. But I think that's confusing the physical act of driving with the mens rea or the guilty mind. That really is what is at issue here. And I think under the facts of this case, I know there are unique facts that the government was excused from having to present evidence to establish beyond a reasonable doubt Mr. Sumner's guilt as to that. I know that this request, the defense counsel did not request the instruction 6.6 that Your Honor asked, and I can't change that. I think that that doesn't preclude me from arguing this, but that it would be, the standard of review would be a plain error. And I think that that would be a good situation because it was not raised below. Okay. Okay. You've got a few minutes left. Why don't we hear from the government and you can respond with your remaining time if you wish. May it please the Court. My name is Joseph Smith. I'm a criminal justice and U.S. attorney in the Southern District of California, and I was a lead prosecutor below at the trial level. And I wrote the briefs and I'm here arguing for the government. I wanted to address the duress defense. Ms. Donovan in her brief in an argument tries to make a distinction in that Mr. Sumner had a dual defense going where he said, I wasn't intending to smuggle drugs. I was intending to smuggle aliens. But on top of that, I was forced to do the act. And Ms. Donovan states that that somehow distinguishes this case from other cases because her client didn't admit it. And therefore, the government wasn't required to meet its burden. But the government was required to meet its burden simply because in order to convict an individual of importation or possession with intent to distribute controlled substance, the government must prove beyond reasonable doubt that the defendant intended, knew about the drugs being in the car. Some controlled substance being in the car. And then for the possession with intent to distribute, that he intended to distribute it to another person. That is in the government's burden beyond reasonable doubt. The jury has to decide that. This dual defense of I was meaning to smuggle aliens, if there really was a reasonable doubt as to that, then the government wouldn't have been able to satisfy its burden on the element of intent. So certainly, the fact that he had dual defenses doesn't suddenly make the burden shift on the duress because even if it did, which the government didn't, states strongly it doesn't, it wouldn't have made a difference because the jury necessarily decided that Mr. Sumner's intent was to smuggle drugs when they went through the jury instructions and determined the government had satisfied its burden, that Mr. Sumner knew there was controlled substance in the vehicle and intended to deliver them to another person when they came across. And the case is cited by the government. Well, now, wait a minute. I suppose that the defense had not proposed this instruction. We didn't have that. Are you saying that the government in this case would or would not have had a burden to show lack of duress? Your Honor, given the case law within the Ninth Circuit, the government would not have the burden. The burden was properly on the defendant. Certainly, there's the issues raised in the brief that it was waived because of invited error. Also, there's a plain error analysis because it wasn't raised below. But even under a de novo review, when you look at the cases, the Dominguez-Mestiz case from 1991 in this circuit involved an importation of merchandise claim, an 18 U.S.C. 545 claim. The defendant was properly given the burden on duress. Later in 1993 in Merez-Solomon, which was an importation of controlled substance case, in 1993, the defendant was properly placed with this burden. This is an importation case. Certainly, one of the two counts. I believe that the only possible even argument that the appellant can make is that the burden was improperly shifted as to the possession of the intent to distribute. However, when you look at the Fay-Ling case, which was a specific intent crime case involving hostage-taking and making ransom demands, in a specific intent context, the Ninth Circuit said the burden was properly placed on the defendant. The Hernandez-Franco case, which was an attempt case, which is by its nature a specific intent crime, but also an 8 U.S.C. 1324 attempt, an 8 U.S.C. 1324 alien smuggling, has been found to be a specific intent crime, even a substantive act. You need to specifically intend to violate the immigration laws. In that case, the defendant was properly placed with the burden. Then the Solorzano-Mrivera case, which was an attempted reentry of an illegal alien case in 2004, the defendant was properly placed with the burden. The Ninth Circuit once again said the burden was properly placed, and in that case and another case decided by the government, the distinction is that the defense is put forth to excuse the offense, not negate an element of the offense. In this case, Mr. Sumner drove into the United States, and this defense address was used to excuse his conduct, not to negate an element of the offense. Certainly, the I was intending to smuggle aliens was presented to negate an element of the offense, but the duress was not presented to negate an element. It was presented to excuse the conduct that he was participating in. Given all that, and given the fact that these dual defenses really don't amount to any substantive difference, because the jury still needed to find the government and met its burden, and proven that Mr. Sumner intended to bring controlled substances into the United States. This distinction really is a distinction without a difference, as the government states in its brief, because the government improved Mr. Sumner's intent, and the jury found his intent. Now, if you have further questions on that, I can address that. I'd like to briefly discuss the Booker issue, just because the government, in its briefs, and I apologize for this, at the time the briefs were submitted, Ameline was controlling law within the Ninth Circuit, and Blakely case had just come out, and Blakely case had just come out. And within the structures of Blakely and Ameline, the government certainly complied with the law existing at the time, and made its strongest argument, which was that there was no error at all. Because in this case, Mr. Sumner was found guilty by a jury of possessing in excess of 100 kilograms of marijuana. The guideline range at that time, and still is, is 100 to 400 kilograms sets the base offense level. That was all proven to a jury beyond a reasonable doubt, and therefore, there was no error. Booker has come out since then, and Booker has different, obviously, implications. In this case, this was not raised below. It's never asserted by the defense that it was raised below, and certainly the papers and the record does not establish it was ever raised below. So the proper analysis of this court is a plain error analysis regarding any Booker error. In this case, also, there was no constitutional error, because the actual sentence complied with the Blakely opinion, the Apprendi opinion, and... But isn't there a... the district judge must have thought he had to follow the guidelines, and now he knows he doesn't have to. Certainly, and that would go into the what analysis to use, another plain error analysis, and even under a harmless error analysis, given the facts of this case, the government feels a remand is not appropriate, and specifically... But tell me why the mental state of the district judge has changed. He now knows he can do... Certainly. Yes, Your Honor, and a plain error analysis requires not just there was error, and certainly there would be error if the judge felt like he didn't have discretion, and he did have discretion, but first that it was plain, or it was clear, or obvious, and that it affected substantial rights, and the last thing is that it seriously affected the fairness, integrity, or public reputation of the judicial proceedings. He sentenced the defendant under an unconstitutional sentencing plan, right? That's correct, although there was no constitutional error in the sentencing, because the jury determined everything which set the offense level, and if... and so there was no constitutional error, although, yes, the Supreme Court, and Justice Breyer has indicated in the majority opinion in that case, that it was the guidelines, the fact the guidelines would be mandatory, and the de novo review of a judge's sentence are unconstitutional. However, given the very end of Justice Breyer's opinion, there's a strong caution that not every case should require a remand, and that the court should judiciously apply plain error doctrine, and even harmless error doctrine, to determine whether or not cases should be remanded. This is one of those cases that shouldn't be remanded, and I'd like to briefly discuss a few of those factors. First, Mr. Sumner's sentence was restricted by the statutory mandatory minimum, which is lawful and constitutional, at 60 months. He had a five-year mandatory minimum amount of marijuana he was bringing into the country. His sentence was 63 months, so as an initial basis, we're really talking about a three-month difference in the sentence he received and the sentence he could have received, even if the judge had exercised every bit of discretion and felt like discretion was appropriately exercised. Second, there's nothing in the record to do with the three months. Certainly. The question becomes, though, under plain error, Your Honor, is whether or not that seriously affects the fairness, integrity, or public reputation of the proceedings. Certainly three months affects Mr. Sumner to some extent. It's a three-month addition to a 60-month sentence. But whether or not it actually impugns the integrity of the proceedings is a separate matter, especially in light of the fact there was no constitutional error in the sentence. It was just that the sentencing guidelines are unconstitutional as a whole, not unconstitutionally applied to Mr. Sumner. The second thing is, looking at the record before in the sentencing hearing, the only written – there were two bases for a departure that were stated by the defendant, by the defendant's counsel. One was an overrepresentation of criminal history, which the judge addressed and said he's appropriately in criminal history category three, given his prior criminal record. Yeah, well, the judge is following the guidelines and giving the defendant the low end of the applicable guideline range. Certainly, but the court – And he was asked to go to 60 months because that would have enabled the defendant's – Sumner, is that it? – Sumner to get into some camp or whatever. Right. Into boot camp. And that's another one of the factors. The actual boot camp program, which if the court were even inclined to do that, was the court did not make a recommendation for boot camp, which is important, either orally or in the JNC. In addition to that, although there's a standing order from the Ninth Circuit not for additional supplemental briefing in 28J letters on this issue, the Booker issue, the boot camp program has been abolished by the Bureau of Prisons. So – and certainly if we had an opportunity to brief it further, the boot camp program, people aren't eligible until they get 30 months down remaining in their sentence. So even if the judge had been inclined to recommend boot camp, which the court wasn't, that was the sole basis other than overrepresentation of criminal history to get him down there. It still is – doesn't constitute error because he wouldn't have been able to go into the boot camp program because it no longer exists. You're out of time. Thank you for your argument, counsel. Rebuttal? Just very briefly, Your Honor, with regard to the Booker issue, Mr. Smith just laid out what he believed were – the fact that there were no constitutional violations in this case in that the amount of drugs was put into the indictment. And that is true. However, the criminal history overrepresentation issue, I think, may require this court to go back to the district court in light of the Booker case. It was not – it was argued at Mr. Sumner's sentencing that his criminal history, which basically had to do with a theft conviction and a drunken driving conviction, was – I think it was four points, so it was a Category 3, and that that was overrepresentative and that quite possibly Mr. Sumner should really be in Category 2. There's a statutory mandatory minimum here, 60 months, and the guideline range was 63 to 78 months, which resulted in Judge Jones imposing the 63 months. My argument is that even though there is not a violation in this case of a constitutional nature, that Booker requires the court to consider other statutory concerns, those laid out in Section 3553, and that the court, the district court, should review the sentence for reasonableness. And I think that if the case were sent back to Judge Jones, he would review Mr. Sumner's prior criminal history, would see that it's not egregious, would see that he doesn't have to follow the guidelines, although he might be bound by the statutory mandatory minimum, and could impose a sentence of 60 months as opposed to the 63 that the judge felt that he had to impose under the guidelines when Mr. Sumner was sentenced.  Thank you. I thank both counsel for their arguments. The case is targeted to be submitted for decision. And the next case on the argument calendar, which is Purcell v. General American Life. If Counselor President could come forward, please. Thank you.
judges: Noonan, Thompson, Hawkins